**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LIBERTY MUTUAL INSURANCE COMPANY,**

           **Plaintiff,**

  vs.

**CONMAS, INC., CONSOLIDATED MASONRY**
**CONTRACTORS, INC., STEVEN TAYLOR and**
**MAUREEN TAYLOR,**

           **Defendants.**
_____

                                           **10-CV-717**
                                           **(MAD/DEP)**

**APPEARANCES:**                                **OF COUNSEL:**

ERNSTROM & DRESTE, LLP               Matthew D. Brown, Esq.
180 Canal View Blvd
Suite 600
Rochester, New York 14623
*Attorney for Plaintiff*

HINMAN, HOWARD & KATTELL, LLP.     Harvey D. Mervis, Esq.
80 Exchange Street
700 Security Mutual Building
Binghamton, New York 13901
*Attorney for Defendants*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

     Liberty Mutual Insurance Company ("plaintiff" or "Liberty") commenced the within action against defendants for breach of a General Agreement of Indemnity ("Agreement"). Specifically, plaintiff asserted causes of action for breach of contract, common law indemnity, specific performance and attorneys' fees. Familiarity with the background in this case is assumed based on this Court's previous Memorandum-Decision and Order. *See Liberty Mutual Ins. Co. v.*

*Conmas, Inc.*, 10-CV-0717, Dkt. No. 25 (October 20, 2011) (Memorandum-Decision and Order). In the prior Memorandum-Decision and Order, the Court granted plaintiff's motion for summary judgment against defendant and awarded plaintiff $814,146.61 in damages including post judgment interest. However, due to insufficient evidence, the Court directed plaintiff to reapply for an award of attorneys' fees. On November 18, 2011, plaintiff timely filed the within motion with documentation of their costs and fees. (Dkt. No. 27). Defendants have not responded.

## DISCUSSION

"Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear." *NetJets Aviation, Inc. v. LHC Commc'n, LLC*, 537 F.3d 168, 175 (2d Cir. 2008). A provision for indemnification of attorneys' fees will be enforced but only if it is unmistakably clear that the parties intended to provide for payment of attorneys' fees relating to disputes between themselves. *Mid–Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 178–79 (2d Cir.2005).

The relevant portions of the agreement herein provide:

> The indemnitors shall exonerate, hold harmless, indemnify and keep indemnified the Surety from and against any and all liability for losses, fees, costs and expenses of whatsoever kind or nature including but not limited to pre- and post-judgment interest at the maximum rate permitted by law accruing from the date of a breach of this Agreement or a breach of any other written agreements between or for the benefit of the Surety and the Indemnitor(s) and/or Principal(s) (hereinafter referred to as "Other Agreements"), court costs, counsel fees, accounting, engineering and any other outside consulting fees and from and against any and all such losses, fees, costs and expenses which the Surety may sustain or incur: (1) by reason of being requested to execute or procure the execution of any Bond; or (2) by reason of the failure of the Indemnitors or Principals to perform or comply with any of the covenants and conditions of this Agreement or Other Agreements; or (4) in enforcing any of the covenants and conditions of this Agreement or Other Agreements.

> If the Surety determines, in its sole judgment, that potential liability exists for losses and/or fees, costs and expenses for which the indemnitors and Principals will be obliged to indemnify the surety under the terms of this Agreement or any Other Agreements, the indemnitors and/or Principals shall deposit with the Surety, promptly upon demand, a sum of money equal to an amount determined by the Surety or collateral security of a type and value satisfactory to the Surety, to cover that liability, whether or not the Surety has: (a) established or increased any reserve; (b) made any payments; or (c) received any notice of any claims thereof.
>
> . . . the vouchers and/or evidence of any such payments made by the Surety shall be prima facie evidence of the fact and the amount of the liability to Surety.

This provision is broad enough to provide for attorneys' fees, costs and disbursements incurred by plaintiff as a result of the breach of the Agreement. *See Abramo v. Shaw*, 2008 WL 150458, at *3 (N.D.N.Y. 2008). Moreover, defendants did not oppose plaintiff's summary judgment motion and have not submitted any opposition or objection to the payment of attorneys fees. Without any objection from defendant regarding the parties intent, the Court is compelled to find that the contractual language regarding fees is sufficiently clear to warrant an award to plaintiff. *See Am. Motorists Ins. Co. v. United Furnace Co., Inc*., 1990 WL 9321, at *1 (S.D.N.Y. 1990 (there is no serious question that there is an agreement between the parties for the payment of attorneys' fees).

Having determined that the contractual provision is clear, the Court turns to the reasonableness of the fees. In determining a reasonable fee, a court must decide "what a reasonable paying client would be willing to pay" for the legal services provided, or in other words, the appropriate market rate for counsel. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 112 (2d Cir.2007), *amended on other grounds*, 522 F.3d 182, 184 (2d Cir. 2008). The prevailing community is the district in which the court sits.

*Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997).  In determining what is reasonable, the following factors are useful:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 186 n. 3.

Here, plaintiff requests fees associated with its efforts in the instant matter for services rendered by Ernstrom & Dreste, LLP.  Plaintiff seeks "total legal costs" of $60,247.00 including $58,884.00 in attorneys' and paralegal's fees and $1363.00 in costs.  Plaintiff submitted a schedule representing the legal time incurred as follows:

| | |
|---|---|
| Attorney Matthew D. Brown 147.4 hours x $195.00/hr | = $ 27,144.00 |
| Attorney Theodore M. Baum 127.7 hours x $225.00/hr | = $ 28,248.00 |
| Attorney Thomas K. O'Gara 38.2 hours x $145.00/hr | = $ 4,132.50 |
| Paralegal Lisa M. Schwarz 3.9 hours x $85.00/hr | = $    323.00 |
| Paralegal Laurie A. LoMonaco 4.7 hours x $85.00/hr | = $    399.50 |
| Total | = $ 60,247.00[1] |

Attorney Baum asserts that he has over twenty years experience in the area of construction and surety work.  The record does not contain an affidavit or any evidence with regard to the experience of attorneys Brown or O'Gara.  However, the hourly rate charged by both attorneys is within the acceptable hourly rate within this District.  *See Jimico Enter.*, 2011 WL 4594141, at *10 (in this District, cases have upheld an hourly rate for a partner of between $250 and $345).

---

[1] The court has calculated the hours by the hourly rate and finds that the sum is different than the total represented by plaintiff.  The Court calculates the sum for 321.9 hours at the applicable rates as $63,437.00. However, plaintiff has sought a total of $60,247.00 including costs.  The Court has no basis to deviate from that request to award plaintiff an amount more than what is set forth in plaintiff's submissions.

Defendants do not object to these fees as uncollectible, unreasonable, or should "shock the conscience" of the Court.  *See First Nat. Ins. Co. of Am. v. Joseph R. Wunderlich, Inc.*, 358 F.Supp.2d 44, 57 (N.D.N.Y. 2004).  The Court finds the hourly rates sought to be reasonable.

As to the number of hours, plaintiff asserts that a total of 321.9 hours were spent on this matter (313.3 in attorney time and 8.6 in paralegal time) from March 2010 until the present. "[T]o determine whether time for which reimbursement is sought was reasonably spent, the court must evaluate the tasks and the time documented in counsel's contemporaneous time records in light of its general experience and its experience with the case*." DLJ Mortg. Capital, Inc. v. Act Lending Corp.*, 2008 WL 5517589, at *7 (S.D.N.Y. 2008) (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146-48 (2d Cir. 1983) (a fee application must be supported by contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done)).  Having reviewed counsel's billing statements and Attorney Baum's affidavit, the Court finds that counsels' hours associated with pursuing this action are supported by contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done.  Time was expended and recorded to the tenth of the hour.  Moreover, in addition to bringing the within action, due to defendants' breach, counsel avers that over the course of nearly two years, the legal work also included working with each obligee, "to ensure all ConMas work was completed", negotiating with project owners regarding punch list work and unfinished work, defending legal actions on plaintiff's behalf on ConMas projects.  Based upon the work performed and the experience of counsel, the Court finds that all recorded time is reasonable.

Plaintiff also seeks reimbursement for costs in the amount of $1,363.41.  Plaintiff has submitted a statement identifying its costs as follows:

| | |
|---|---|
| Filing Fees | $747.60 |
| Service of Process | $230.00 |
| Research | $   .64 |
| Photocopies | $116.80 |
| Express Mail | $ 96.86 |
| Telephone | $  1.99 |
| Travel | $172.52 |
| Total | = $1,363.41[2] |

Therefore, the Court grants plaintiff's request for costs.

## CONCLUSION

**It is hereby**

**ORDERED**, that plaintiff's motion for attorneys' fees and costs (Dkt. No. 27) is **GRANTED**. Plaintiff is entitled to recover $58,884.00 in attorneys' fees from defendants and $1,363.41 in costs from defendants; it is further

**ORDERED** that the Clerk is directed to enter judgment for attorneys' fees and costs in the amount of $60,247.41.

**IT IS SO ORDERED.**

Dated:  March 16, 2012
        Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge

---

[2] The Court calculates this sum at $1366.41. However, the Court will award plaintiff the amount sought in the Notice of Motion.

6